# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 18, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| KAREN SULLIVAN, | * | No. 14-725V |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Dismissal; Influenza (Flu) Vaccine; |
| SECRETARY OF HEALTH | * | Ulnar Neuropathy; Bilateral Upper |
| AND HUMAN SERVICES, | * | Extremity Paresthesia |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Paul R. Brazil, Muller Brazil, LLP, Philadelphia, PA for petitioner.
Lynn E. Ricciardella, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On August 11, 2014, Karen Sullivan ("petitioner") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on September 6, 2013, she suffered ulnar neuropathy and bilateral upper extremity paresthesia. Petition at Preamble.

Respondent filed her Rule 4 report on January 5, 2015, stating that this case was not appropriate for compensation. Respondent stated that petitioner failed to provide preponderant evidence in support of the petition for compensation, and compensation under the Act for petitioner's injuries must be denied.

On September 16, 2015, petitioner moved for a decision dismissing her petition. In the motion, petitioner states that "[a]n investigation of the facts and science supporting the case have

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

demonstrated to petitioner that she will be unable to prove she is entitled to compensation in the Vaccine Program." Motion for Dismissal at ¶ 1. Petitioner states that she understands that a decision by the Special Master will result in a judgment against her, and that such a judgment will end all rights in the Vaccine Program. Id. at ¶ 3. Respondent did not file a response to petitioner's motion.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that the petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a Table injury. Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Petitioner, however, has not offered a medical expert opinion.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master